FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2017

SEAN F. McAVOY, CLERK

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| 9 ROLLIE MCKOWN, | No. 1-15-CV-03220-MKD |
| 10        Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY |
| 11   vs. | JUDGMENT AND DENYING DEFENDANT'S MOTION FOR |
| 12 NANCY A. BERRYHILL, | SUMMARY JUDGMENT |
| 13 Acting Commissioner of Social Security, | ECF Nos. 14, 19 |
| 14        Defendant. | |

15      BEFORE THE COURT are the parties' cross-motions for summary

16 judgment. ECF Nos. 14, 19. The parties consented to proceed before a magistrate

17 judge. ECF No. 7. The Court, having reviewed the administrative record and the

18 parties' briefing, is fully informed. For the reasons discussed below, the Court

19 grants Plaintiff's motion (ECF No. 14) and denies Defendant's motion (ECF No.

20 19).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for disability insurance benefits and supplemental security income benefits on January 27, 2012.  Tr. 221-33.  Plaintiff's applications were denied initially, Tr. 135-48, and on reconsideration, Tr. 154-71.  Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on February 3, 2014.  Tr. 21-31.  On April 23, 2014, the ALJ denied Plaintiff's claims.  Tr. 31.

At the outset, the ALJ found that Plaintiff met the insured status requirements of the Act with respect to his disability insurance benefit claim through March 31, 2008.  Tr. 23.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the alleged onset date, April 1, 2007.  Tr. 23.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, skin excoriations,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

cellulitis of the right lower extremity, depression, and post-traumatic stress disorder (PTSD).  Tr. 24.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment.  Tr. 25.  The ALJ then concluded that Plaintiff has the following RFC:

> ... I find that claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b).  The claimant could occasionally stoop, crouch, and crawl.  He could never climb ladders, ropes, and scaffolds.  The claimant should avoid exposure to workplace hazards such as working at unprotected heights.  He could have no more than superficial interaction with the public and occasional interaction with coworkers.  The claimant could accept instructions from a supervisor and could work independently.

Tr. 26.  At step four, the ALJ found that Plaintiff could not perform past relevant work.  Tr. 29.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert, there are jobs in significant numbers in the national economy that Plaintiff perform, such as production assembler and hand packager.  Tr. 30.  On that basis, the ALJ concluded that Plaintiff is not disabled as defined in the Social Security Act.  Tr. 31.

On October 30, 2015, the Appeals Council denied review, Tr. 1-6, making the Commissioner's decision final for purposes of judicial review.  *See* 42. U.S.C. § 1383(c)(3); 20 C.F.R. §§416.1481, 422.210.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

1

**ISSUES**

2      Plaintiff seeks judicial review of the Commissioner's final decision denying

3   him supplemental security income benefits under Title XVI and disability

4   insurance benefits under Title II of the Social Security Act.  ECF No. 14.  Plaintiff

5   raises the following issue for this Court's review:  Whether the ALJ properly

6   weighed the medical opinion evidence.  ECF No. 14 at 8.

7

**DISCUSSION**

8   **A.  Medical Opinion Evidence**

9      Plaintiff contends the ALJ improperly discounted the medical opinions of

10   treating physician Mark Sauerwein, M.D.; treating source Shane Anderson, Pharm.

11   D.; treating source Deborah Blaine, LMHC; and examining physician Philip

12   Barnard, Ph.D.  ECF No. 14 at 8-18.

13      There are three types of physicians: "(1) those who treat the claimant

14   (treating physicians); (2) those who examine but do not treat the claimant

15   (examining physicians); and (3) those who neither examine nor treat the claimant

16   but who review the claimant's file (nonexamining or reviewing physicians)."

17   *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).

18   "Generally, a treating physician's opinion carries more weight than an examining

19   physician's, and an examining physician's opinion carries more weight than a

20   reviewing physician's."  *Id*.  "In addition, the regulations give more weight to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

The opinion of an acceptable medical source, such as a physician or psychologist, is given more weight than that of an "other source." 20 C.F.R. § 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. § 416.913(d). However, the ALJ is required to "consider observations by non-medical sources as

to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir, 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it.

### 1. Dr. Sauerwein

Dr. Sauerwein, a family medicine practitioner, began treating Plaintiff in March 2008. Tr. 29 (citing Tr. 868). In June 2013, Dr. Sauerwein opined that due to edema and ulcers on the legs, as well as fatigue and low back pain, that Plaintiff was limited to light work and could only work four hours a day. Tr. 29 (citing Tr. 869-70). The ALJ gave some weight to Dr. Sauerwein's limitation to light work, but rejected his opinion that Plaintiff was only able to work four hours a day. Tr. 29 (citing Tr. 870). Because Dr. Sauerwein's opinion was contradicted by Dr. Staley, Tr. 115-18, the ALJ was required to give specific and legitimate reasons supported by substantial evidence for affording Dr. Sauerwein's opinion little weight. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found that Dr. Sauerwein's limitation of a four-hour work day was inconsistent with the opinions of all of the other physicians in the record. Tr. 29. An ALJ may discredit physicians' opinions that are unsupported by the record

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

as a whole or by objective medical findings.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Here, the ALJ found that reviewing physician Dr. Staley opined that Plaintiff was able to perform light work.  Tr. 27 (citing Tr. 116, 128-30) (in July 2012, agency reviewing physician Dr. Staley assessed an RFC for light work).  The ALJ further found that in December 2010, an unnamed physician assessed an RFC for a range of light work, with the additional limitation of no frequent stooping or bending.  Tr. 27, 29 (citing Tr. 760) (a December 2010 updated Work First Program Work Capacity Assessment completed for state benefits purposes assessed an RFC for a range of light work as indicated by the ALJ.  The form is signed by a physician but the signature is illegible.[1]).  Plaintiff contends that only Dr. Staley, a reviewing physician, disagreed with Dr. Sauerwein, making Dr. Sauerwein's opinion no more an "outlier" opinion than Dr. Staley's.  ECF No. 20 at 1.

The record shows the ALJ indicated that, in addition to Dr. Staley, she relied on another physician's December 2010 opinion that Plaintiff could perform a range of light work, as a reason to reject Dr. Sauerwein's more limited 2013 opinion.  Tr. 29 (citing Tr. 760).  However, the December 2010 opinion also appears to be

---

[1] The signature and phone numbers appear to be that of treating physician Dr. Sauerwein (*cf.* Tr. 760 *with* Tr. 870), but the ALJ does not indicate this.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1  authored by Dr. Sauerwein.  Thus, the ALJ's reasoning is not supported by

2  substantial evidence.

3       The Commissioner contends that another reason that the ALJ properly

4  discounted Dr. Sauerwein's 2013 opinion is that the later opinion was inconsistent

5  with Dr. Sauerwein's December 2010 opinion, recognizing that, in fact, Dr.

6  Sauerwein wrote the December 2010 assessment.  ECF No. 19 at 4 (referring to Tr.

7  760).  The ALJ, however, did not give this as a reason for rejecting Dr.

8  Sauerwein's 2013 opinion, and the ALJ did not even attribute the December 2010

9  opinion to Dr. Sauerwein.[2]  Tr. 29 (citing Tr. 760 and referring to "other physicians

10  of record").  However, the Commissioner's contention is an invitation to affirm the

11  denial of benefits on grounds not invoked by the ALJ.  Because the Court is

12  constrained to review the reasons the ALJ asserts, the Court declines to do so.

13  *Pinto v. Massanari,* 249 F.3d 840, 847-848 (9th Cir. 2001).

14       Second, the ALJ discredited Dr. Sauerwein's opinion because it took into

15

—————————————

16  [2] The ALJ referred to the December 2010 opinion as that of "another physician of

17  record."  Tr. 29.  The ALJ accepted Dr. Sauerwein's assessed limitation to light

18  work, Tr. 869, because it was consistent with that of other physicians of record.

19  Tr. 29 (citing Tr. 116) (Dr. Staley's RFC); (citing Tr. 760) (physician is referred to

20  by the ALJ but not named).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1  account Plaintiff's psychiatric limitations, which the ALJ found were beyond the

2  scope of his expertise as a self-described family practitioner.  Tr. 29 (citing Tr.

3  870).  An ALJ should give greater weight to a physician with the expertise that was

4  most relevant to the patient's allegedly disabling condition.  *Molina,* 674 F.3d at

5  1112 (citing *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (holding that the

6  ALJ should have given greater weight to a physician with the expertise that was

7  most relevant to the patient's allegedly disabling condition)).  Here, the ALJ found

8  that, when family/general practitioner Dr. Sauerwein opined that Plaintiff was

9  limited to working four hours a day, Dr. Sauerwein had specifically considered the

10  combination of Plaintiff's medical and psychiatric conditions and how those

11  combined conditions interfere with Plaintiff's employability.[3]  The ALJ found that

12  this was a reason to discount the assessed RFC for no more than four hours of

13  work because mental health considerations are outside the scope of Dr.

14  Sauerwein's expertise.  Tr. 29 (citing Tr. 870) (Dr. Sauerwein stated that he is a

15  family practitioner).  In this record, the physician with expertise most relevant to

16  Plaintiff's psychiatric conditions is examining psychologist Philip Barnard, Ph.D.

17  If the ALJ had credited Dr. Barnard's opinion, the ALJ's reason for giving less

18  ───────────────────

19  [3] Dr. Sauerwein stated "... medical and psychiatric conditions combine to materially

20  interfere with employability."  Tr. 870.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

credit to Dr. Sauerwein's opinion would likely be specific and legitimate.

However, as discussed more fully herein, the Court finds that the ALJ erred with

respect to Dr. Barnard's opinion, and the error does not appear harmless.  *See Stout*

*v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error

harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate

disability conclusion).  The ALJ did not provide specific and legitimate reasons

supported by substantial evidence for discrediting Dr. Sauerwein's medical

opinion.

   *2. Dr. Barnard*

   Dr. Barnard performed a consulting examination of Plaintiff in February

2014.  Tr. 1289-93.  Dr. Barnard diagnosed major depressive disorder; somatic

symptom disorder (with predominant pain), and cannabis use, mild. Tr. 1290.  He

opined that Plaintiff's depression would affect his ability to work on a daily basis

to a moderate extent, and Plaintiff's significant problems with pain would interfere

with his "ability to work on a daily basis to a severe extent."  Tr. 28 (citing Tr.

1290).  Dr. Barnard specifically opined that Plaintiff was severely limited[4] in the

ability to maintain appropriate behavior in a work setting, and in the ability to

---

[4] The form defines "severely limited," as the inability to perform the particular

activity in regular competitive employment.  Tr. 1291.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

complete a normal work day and workweek without interruptions from

psychologically based symptoms.  Tr. 1291.  Dr. Barnard opined that Plaintiff was

markedly limited[5] in the ability to communicate and perform effectively in a work

setting.  Tr. 1291.  The ALJ gave some weight to this opinion but discounted Dr.

Barnard's opinion that Plaintiff's ability to work is moderately limited by

depression and severely limited by a pain disorder.  Tr. 28 (citing Tr. 1291).

Because Dr. Barnard's opinion was contradicted by Dr. Burdge, Tr. 1294,

the ALJ was required to provide specific and legitimate reasons for rejecting Dr.

Barnard's opinion.  *Bayliss*, 427 F.3d at 1216.

Plaintiff correctly contends that the ALJ misread the record, which error is

not harmless.  Here the ALJ misattributed several opinions and statements of Dr.

Burdge to Dr. Barnard, which the ALJ relied on in rejecting Dr. Barnard's assessed

limitations.

First, the ALJ discredited Dr. Barnard's opinion that Plaintiff's ability to

work is moderately limited by his depression and severely limited by a pain

disorder, stating that such opinion was inconsistent with Dr. Barnard's statement in

the same report that the "clinical evidence does not support a diagnosis of a major

---

[5] The form defines "markedly limited" as a "very significant limitation on the
ability to perform one or more basic work activity."  Tr. 1291.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

depressive disorder." Tr. 28 (*comparing* Tr. 1290 (Dr. Barnard diagnosed major

depressive disorder, moderate, recurrent episode, with anxious distress) *with* Tr.

1294 (MDD, major depressive disorder, is not supported by the available

evidence)).  However, the opinion that the ALJ cited as not supporting the

diagnosis, Tr. 1294, is not Dr. Barnard's opinion; rather, it is reviewing physician

Dr. Burdge's opinion.  Thus, the record does not support a finding that Dr.

Barnard's opinion is inconsistent and the ALJ's reasoning is not supported

substantial evidence.

The ALJ's error is further compounded by attributing other conclusions to

Dr. Barnard that were in fact the conclusions of Dr. Burdge.  Tr. 28.  For example,

the ALJ further stated that the psychologist (referring to Dr. Barnard) also

"explained that the claimant's exact symptoms are unclear."  Tr. 28 (citing Tr.

1294).  However, it was Dr. Burdge, not Dr. Barnard, who found that Plaintiff

"reports his depression is at 10 on a 1-10 scale, although what his symptoms are is

unclear."  Tr. 1294.  Similarly, the ALJ then found that "Dr. Barnard opines that a

diagnosis of somatic symptom disorder is more consistent with the claimant's

report of pain and similar issues."  Tr. 28 (citing Tr. 1294).  This too is error.  The

ALJ misattributed Dr. Burdge's opinion, that somatic symptom disorder is a more

consistent diagnosis than major depressive disorder, to Dr. Barnard. Tr. 28.

Here, the ALJ discounted Dr. Barnard's limitations in large part based on

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

1    perceived inconsistencies in his report, which were due to the ALJ mistakenly

2    believing that Dr. Burdge's report was authored by Dr. Barnard.  The ALJ's

3    reasoning is not supported by substantial evidence because Dr. Barnard did not, in

4    fact, offer inconsistent opinions; instead, reviewing physician Dr. Burdge

5    disagreed with some of examining physician Dr. Barnard's opinion.  The ALJ also

6    rejected Dr. Barnard's opinion (which was actually Dr. Burdge's) to the extent that

7    it was based on Plaintiff's unreliable self-report.  This may be a specific and

8    legitimate reason but, because the ALJ attributed it to an examining physician and

9    it was actually offered by a reviewing physician, the undersigned cannot find that

10   this reason is supported by substantial evidence.

11        Third, the ALJ found that Plaintiff's daily activities of walking and

12   performing household chores were inconsistent with Dr. Barnard's assessed severe

13   limitations from a pain disorder.  Tr. 28 (citing Tr. 1290) (Dr. Barnard opined that

14   Plaintiff's significant problems with pain would interfere with his ability to work

15   on a daily basis "to a severe extent.").  An ALJ may discount an opinion that is

16   inconsistent with a claimant's reported functioning.  *Morgan v. Comm'r of Soc.*

17   *Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).  This reason, standing alone

18   and in light of other errors, is not a specific and legitimate reason supported by

19   substantial evidence for the ALJ to reject examining physician Dr. Barnard's

20   opinion of Plaintiff's limitations.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

The Court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Tackett*, 180 F.3d at 1097-1098 (citing *Penny v. Sullivan*, 2 F.2d 953, 956 (9th Cir. 1993); *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The Court considers whether the ALJ's error was inconsequential to the ultimate nondisability determination. *Stout,* 454 F.3d at 1055; *and see Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (concluding any error was nonprejudicial). Here, the error is plainly prejudicial and relevant to the ultimate disability conclusion since, if credited, the opinion of Dr. Barnard would result in Plaintiff being found disabled. The error requires remand for further consideration of Dr. Sauerwein's and Dr. Barnard's opinions.

*3. Dr. Anderson*

Dr. Anderson began treating Plaintiff by managing his psychotropic medication in January 2012. Tr. 739. In November 2012, Dr. Anderson opined that Plaintiff would likely miss four or more days of work per month. Tr. 28 (citing Tr. 740). He opined that Plaintiff's functional abilities were markedly limited in four areas and moderately limited in three areas. Tr. 742-744. The ALJ rejected these limitations. Tr. 28.

Because Mr. Anderson's opinion was contradicted by Dr. Kester, Tr. 132,[6] the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Anderson's opinion.

First, the ALJ found that as a pharmacist, Dr. Anderson's opinion was entitled to less weight than Dr. Barnard's, a psychologist.  Tr. 28.  The specialty of the physician providing the opinion is a factor relevant to an ALJ's evaluation of any medical opinion.  *Orn v. Astrue*, 495 F.3d 625, 631(9th Cir. 2007).  However, as noted *supra,* the ALJ did not credit nor properly discredit Dr. Barnard's opinion. For example, the ALJ may have appropriately given some weight to Dr. Barnard's opinion and rejected Dr. Anderson's assessed mental health limitations.  This may have been appropriate since Dr. Anderson, a pharmacist, monitored Plaintiff's medications and Dr. Barnard evaluated Plaintiff's mental symptoms and limitations, consistent with his specialty as a clinical psychologist.  However, because the ALJ neither credited nor properly discredited Dr. Barnard's opinion, this reason for rejecting Dr. Anderson's opinion is not supported by substantial evidence.

---

[6] In July 2012, agency reviewing physician Eugene Kester, M.D., limited Plaintiff to simple work. Tr. 132.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

Second, the ALJ rejected Dr. Anderson's RFC as "overbroad and speculative" Tr. 28. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citing *Matney*, 981 F.2d at 1019)). The ALJ found that Dr. Anderson opined Plaintiff's PTSD stems from childhood trauma and adult incarceration. Tr. 28 (citing Tr. 739). Standing alone, this does not appear to be a specific and legitimate reason supported by substantial evidence. Although Dr. Anderson may have broadly described the causes of Plaintiff's psychological problems, this does not negate the fact that he specifically assessed several limitations. Significantly, Dr. Anderson assessed some of the same limitations as Dr. Barnard.[7]

_____

[7] For example, Dr. Anderson and Dr. Barnard both opined that Plaintiff was moderately limited in the ability to perform activities within a schedule. *See* Tr. 742 (Dr. Anderson), Tr. 1291 (Dr. Barnard). Both physicians also opined that Plaintiff was limited in the ability to complete a normal work day and work week, although they disagreed as to the severity of this limitation. *See* Tr. 743 (Dr. Anderson opined that Plaintiff's ability to complete a normal work day was markedly limited); Tr. 1291 (Dr. Barnard opined that this ability was severely limited).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

Third, the ALJ gave Dr. Anderson's November 2012 opinion little weight because the ALJ found that it was inconsistent with Dr. Anderson's own clinical exam findings eight months earlier, on March 13, 2012.  Tr. 28.  An ALJ may reject an opinion that is unsupported by that physician's treatment notes.  *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes); *see also Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986) (conclusions inconsistent with findings are reason to discount a medical opinion).

Here, for example, the ALJ compared Dr. Anderson's findings in March 2012 with his assessment eight months later, in November 2012.  Tr. 28 (citing Tr. 564, 742-44).  In March 2012, Dr. Anderson noted that Plaintiff was casually but appropriately dressed and groomed for the weather, and no abnormal motor activity was noted; however Plaintiff was restless in his chair because of normal behaviors and being nervous about the appointment.  Tr. 564.  Dr. Anderson noted that Plaintiff's speech was slightly rapid and loud but clear, coherent, and goal-directed.  Tr. 564.  Dr. Anderson further found no apparent gross impairment of memory or intellectual function, even after many years of illicit drug use.  Tr. 564.  Dr. Anderson additionally opined that Plaintiff's insight and judgment were fair.  In the later November 2012 exam, Dr. Anderson opined that Plaintiff was more limited.  Tr. 28 (citing Tr. 742-44) (In November 2012, Dr. Anderson assessed four

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21

marked and three moderate limitations).  The ALJ found that these limitations were

inconsistent with Dr. Anderson's earlier findings on clinical examination.  Tr. 28

(citing Tr. 564, 743-44).

Fourth, the ALJ found that Dr. Anderson's notation that Plaintiff had worked

for many years as carpenter was inconsistent with the dire limitations that Dr.

Anderson assessed in November 2012.  Tr. 28 (citing Tr. 564) (Dr. Anderson noted

Plaintiff's long carpentry career).  An ALJ may discount an opinion that is

inconsistent with a claimant's reported functioning.  *See Morgan,* 169 F.3d at 601-

02.  Here, however, the record is unclear.  For example, in February 2014, Plaintiff

told Dr. Barnard that he had not worked as a carpenter for nine years. Tr. 1289.  In

July 2012, Dr. Staley's assessment indicates that Plaintiff last worked as a

carpenter in 2010.  Tr. 118.  The ALJ's reason arguably is not supported by

substantial evidence since the ability to work nine years earlier is too remote to be

inconsistent with Plaintiff's later psychological limitations.  Given the other errors

in assessing Dr. Anderson's opinion and the other medical evidence, remand is

appropriate.

The ALJ's reasons to give little weight to Dr. Anderson's opinions are not

supported by substantial evidence.  The ALJ should reconsider Dr. Anderson's

opinion, in light of the opinions of Dr. Sauerwein and Dr. Barnard, on remand.

The ALJ may find the testimony of a medical expert useful in this regard.

*4. Ms. Blaine*

Treating therapist Deborah Blaine, LMHC, who worked in conjunction with Dr. Anderson, began treating Plaintiff in March 2012.  Tr. 666.  She performed an RFC assessment in June 2013.  Tr. 864-67.  There, Ms. Blaine opined that Plaintiff was markedly limited in three areas, would likely be off-task over 30% of the time, and would miss work four or more days per month.  Tr. 864-66.  The ALJ gave this opinion little weight.

Because the Court is remanding for the reasons previously articulated, and particularly given that Ms. Blaine works in conjunction with Dr. Anderson as part of Plaintiff's mental health treatment team, the ALJ should reweigh Ms. Blaine's opinion as an "other source"  on remand.

**B. Remand**

Plaintiff asks that the Court apply the credit as true rule and remand for immediate payment of benefits rather than for further administrative proceedings.  ECF Nos. 14 at 18-19, ECF No. 20 at 5-6.  *See, e.g., Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (citing *Lester*, 81 F.3d at 834 ("[w]here the Commissioner fails to give adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' " (internal citation omitted)).  The *Harmon* court noted that the Court built upon this rule in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23

*Smolen* by positing the following test for determining when evidence should be credited and an immediate award of benefits directed:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (citing *Smolen*, 80 F.3d at 1292).

The ALJ failed to provide legally sufficient reasons supported by substantial evidence for failing to credit opinions of Dr. Sauerwein, Dr. Barnard, and Dr. Anderson.  However, even if these opinions are credited, there are outstanding issues that must be resolved before a determination of disability can be made, including the credit the ALJ gave Dr. Staley's opinion, which opinion is inconsistent with the medical opinions that were discredited by the ALJ, and the ALJ's negative assessment of Plaintiff's credibility, neither of which were challenged by Plaintiff on appeal.  At a minimum, the conflicting medical opinions and evidence require further consideration.

The ALJ's decision was not supported by substantial evidence and free of legal error, and outstanding issues remain.  Because administrative proceedings are useful where there is a need to resolve conflicts and ambiguities in the evidence, *Treichler v. Comm'r of Soc. Sec. Admin.*, 755 F.3d 1090, 1101 (9th Cir. 2014) (citing *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)), remand is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 24

appropriate here to resolve the conflicting evidence.  On remand, the ALJ must reconsider the medical opinion evidence, and provide legally sufficient reasons supported by substantial evidence, for evaluating these contradictory opinions. Additionally, if necessary, the ALJ should take testimony from a psychological expert to help weigh the conflicting opinions of Plaintiff's psychological limitations.

## CONCLUSION

After review, the Court finds that the ALJ's decision is not supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1.  Plaintiff's motion for summary judgment (ECF No. 14) is **GRANTED,** and matter is remanded to the Commissioner for additional administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Defendant's motion for summary judgment (ECF No. 19) is **DENIED.**

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE** the file.

1

2        DATED this 9th day of February, 2017.

3                                              *s/ Mary K. Dimke*
4                                              MARY K. DIMKE
                                               U.S. MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20